Clark v. Ellithorpe.

---

S. H. H. CLARK *et al., Receivers of the Union Pacific Railway Company*, v. J. W. ELLITHORPE.

**No. 128.**

1. PRACTICE—*Application for Continuance.*  It is not error for the trial court to refuse to continue a case on defandants' request, in the absence of any showing that defendants could not be ready for trial.

2. ———— *Irregularity in Admission of Testimony.*  Where incompetent testimony has been admitted over objection, and such testimony is afterwards taken from the consideration of the jury, such irregularity, of itself, does not necessarily amount to reversible error.

3. ———— *Depositions — Exceptions in Writing.*  Exceptions to depositions, other than for incompetency or irrelevancy, must be in writing, specifying the grounds of objection, and where such exceptions are not made and filed prior to the trial, it is not error for the court to overrule such objection.

22—7 KAN. APP.

4. CONSTITUTIONAL LAW—*Statute Allowing Attorney's Fee.* The statute allowing an attorney's fee in certain cases is not in violation of that part of the fourteenth amendment to the constitution of the United States, which provides that no state shall deny to any person within its jurisdiction equal protection of the laws.

5. INSTRUCTIONS—*Giving and Refusing, Examined.* Instructions given and refused examined, and *held,* that the court did not err in giving or refusing to give instructions requested.

6. EVIDENCE—*Value of Land—Witness not Qualified.* In a suit for damages, where it is material to establish the value of land before and after a fire, it is error for the trial court to admit the testimony of a witness who is not qualified to testify to the value of such land.

7. EVIDENCE—*Examined—Held Incompetent.* The oral and record evidence of title, so far as it relates to the northeast quarter of the section, was incompetent under the pleadings, and the court erred in permitting the same to go to the jury. The jury awarded plaintiff damages for 160 acres burned in the east half of the section, which was either not warranted by the petition or not supported by the evidence.

Error from Russell district court; W. G. EASTLAND, judge. Opinion filed January 10, 1898. Reversed.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiffs in error.

*H. G. Laing,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought by J. W. Ellithorpe to recover damages for property destroyed and injured by two separate fires, occurring on July 20 and August 10, 1894. The petition contained two counts. The first count was for the fire on July 20, and alleged that it was caused by the careless and negligent management of the train, and a failure to employ suitable means to prevent the escape of fire from the engine, and by permitting dead, dried grass to accumulate and remain upon the right of way close

to the track.   In this count the plaintiff claimed that he was the owner of the west half and the southeast quarter of section 5, and that the fire passed over that land and destroyed 400 acres of grass, and damaged the roots of the grass.   The fire started on the north side of the track, and at a distance variously estimated by the witnesses.   The nearest point it burned to the railway track was about fifty feet.   A train passed over the track a short time before the fire was discovered.   The fire spread to the north and burned over the greater part of the section.   No person saw the fire start.   The jury returned a verdict in favor of the plaintiff, on this cause of action, for ninety dollars damages and an attorney's fee.

The second count of the petition was for damages to section 3, caused by a fire which was set out by defendant's section men while burning fire-guards along the right of way, by the alleged carelessness and negligence of the railway company in failing to plow a fire-guard, or otherwise prevent the fire from escaping.   Section 3 was enclosed with other lands in a pasture, and the plaintiff claimed that 560 acres of grass then standing and growing on that section were destroyed, and that the fire burned and destroyed the roots of the grass.   This fire escaped from the section men when they were burning a fire-guard on the north side of the railroad track.   Prior thereto some furrows had been plowed along the railroad track parallel with it and about 250 feet away.   The section men had attempted to burn a fire-guard between these furrows and the railroad track.   They had burned a varying border of an average width of twenty feet south of the furrows, but the grass was green and they did not burn the entire right of way.   On August 10, they began to burn the remainder of the grass be-

tween the furrows and the track, and the fire blew across the border formerly burned, and also across the furrows, and spread to the north upon and across the land of plaintiff. The jury returned a verdict in favor of the plaintiff on the second cause of action, and assessed his damages at $125, and an attorney's fee of $50. A motion for a new trial was filed and overruled, and judgment rendered on the verdict. The plaintiffs in error present the case to this court for review.

I. Complaint is made that the trial court abused its discretion in refusing the defendants a continuance, (1) on account of an amendment to the petition enlarging the amount of damages claimed; (2) on account of the admission of certain depositions. These contentions are not tenable. The defendants did not make any sufficient showing for a continuance. In order to have justified the trial court in continuing the case at the request of the defendants, the court should have been satisfied by affidavits, or otherwise, that the defendants could not be ready for trial in consequence of such amendment, or in consequence of the admission of the depositions. The defendants made no showing sufficient to justify the court in allowing a postponement or continuance of the trial. (Code of Civil Procedure, § 142.)

II. The third, and the sixth to the fifteenth assignments of error, inclusive, all relate to the admission of incompetent testimony which the court excluded from the consideration of the jury on motion of the defendants. Where incompetent testimony has been admitted over objection, and such incompetent testimony is afterwards taken from the consideration of the jury by the trial court, such irregularity of itself does not necessarily amount to reversible error.

III. Complaint is made of the action of the court in admitting the depositions of witnesses taken by the plaintiff. The notice under which these depositions were taken was entitled: "In the suit of J. W. Ellithorpe, plaintiff, v. S. H. H. Clark, Oliver W. Mink, E. Ellery Anderson, J. W. Doane, and F. R. Coudert, defendants." Prior to the taking of a deposition, a written notice, specifying the action or proceeding, the name of the court in which it is to be used and the time and place of taking the same shall be served upon the adverse party. It is insisted that this notice under which these depositions were taken did not specify the action or proceeding, in that the defendants were not designated as receivers of the Union Pacific Railway Company. It appears from an examination of the record that there was but one cause pending in the district court of Russell county in which J. W. Ellithorpe was plaintiff and Clark and others were defendants. The attorney for the defendants in this case appeared and cross-examined the witnesses under this notice. Immediately after they were taken the depositions were filed in the case in which they were to be used, and remained among the files of that case. Exceptions to depositions must be in writing, specifying the grounds of objection, and filed with the papers in the case. No exceptions, other than for incompetency or irrelevency, shall be regarded unless made and filed before the commencement of the trial.

The trial court must, on motion of either party, hear and decide the questions arising on exceptions to depositions before the commencement of the trial. We find no exceptions to the depositions in the record. It does not appear that the court's attention was directed to the irregularity in the notice, except by an objection to the reading of the depositions at the time

they were offered in evidence. We are of the opinion that the trial court committed no error in allowing the depositions to be read in evidence. The objection to the depositions is, at most, only technical, and should not be allowed to prevail unless it affected the substantial rights of the party complaining.

IV. Complaint is made that the court abused its discretion in limiting the cross-examination of the witness Holland. It does not appear that the cross-examination of this witness was restricted to an extent that amounts to an abuse of discretion. It appears that sufficient latitude in cross-examination of the witness was permitted.

V. It is contended that the statute authorizing an attorney's fee in cases of this kind is in violation of that part of the fourteenth amendment to the constitution of the United States which provides that no state shall deny to any person within its jurisdiction equal protection of the laws. The supreme court of this state has upheld the statute in question in the case of *Mo. Pac. Rly. Co. v. Merrill,* 40 Kan. 404.

The supreme court of the United States, in the case of *Gulf, Colo. & S. F. Rly. Co. v. Ellis,* 165 U. S. 150, decided that a similar statute in the state of Texas was unconstitutional. We think this court should follow the decisions of our supreme court upon this question.

In the case at bar, the defendants requested the court to instruct the jury as follows :

"If you find for plaintiff on both causes of action, you will then allow him a reasonable sum as attorney's fee, and in determining what is reasonable, you are not bound to accept the opinion of witnesses as conclusive, but you should weigh the evidence of such witnesses in which they gave their opinion, and give their evidence such weight as you can consider it entitled to."

This instruction, in substance, was given by the court in the instruction of which complaint is made. We think that defendants, by requesting this instruction, waived their right to object to the allowance of an attorney's fee in case of recovery.

VI. Complaint is made that the following instruction was given :

" You are instructed that the Union Pacific Railway Company have a right of way through Gove county extending 200 feet on each side from the center of the track. While the company is not in consequence of such right of way necessarily required to have fire-guards to that extent, such company is not required to go upon the lands of others to make fire-guards."

The plaintiff introduced various acts of congress, and it is conceded that some of these acts gave the company a right of way 400 feet wide through certain classes of public lands. It is contended that there is nothing in the record to show that the lands where these fires originated were public lands at the time the road was built, or that the railway company had a right of way across such lands. Witnesses testified that both fires started on the railway company's right of way. A deed from the Kansas Pacific Railway Company to Ellithorpe's grantor conveying sections 3 and 5, the lands damaged, together with the land on which the fire started, sections 9 and 16, reserves to said company and its assigns the right of way for said railway company in the width, manner and form as provided by the acts of congress in relation thereto. The evidence also shows that the railway company took charge of about 200 feet on each side of the track. We think the evidence warranted the court in giving the instructions of which complaint is made.

VII. Complaint is made that the court refused to give instructions asked by the defendants, to the effect

that the plaintiff had failed to prove that the fire of July 20 was started by an engine, and, therefore, could not recover on the first count; that the evidence showed that there was no negligence, as alleged in the petition, on the part of the defendants or their employees in allowing the fire of August 10 to escape; therefore the defendants were not liable for damages caused by that fire; and that the jury were not instructed to render a verdict in favor of the defendants. This requires an examination of the evidence in the case on the point of the origin of the fires. As to the fire of July 20, Frank Lewis testified that the fire started on the right of way on the north side of the track, about fifty feet from the track, and burned north; that there was dry grass on the right of way and it had not been plowed for a year or two. He was about half a mile away from the railway track when the fire started, and saw it before it was very large. William Pratt testified that the fire started close to the track on the north side, burned north, and that a train passed about twenty minutes before he saw the fire; that he was two miles east of the fire when he discovered it. N. C. Lewis testified that the fire was a quarter of a mile north of the track, burning north, when he first saw it; that it burned to within 100 feet of the track; and that he noticed a train passing about fifteen minutes before he discovered the fire.

Mr. Ellithorpe testified that the engines used on the road are steam-engines operated by coal and fire. Thus the evidence shows the fire on the north side and near the railway track burning north shortly after a train operated by coal and fire passed, and two witnesses state that the fire started on the right of way where there was dry grass. In the absence of any testimony otherwise accounting for the fire, or con-

tradicting such evidence, we think there was sufficient evidence to sustain the finding of the jury.   In regard to the second cause of action, the petition states that the defendants carelessly and negligently failed to plow a fire-guard or otherwise prevent such fire from escaping.   The evidence shows that a ·furrow had been plowed some time before the fire was put out, and whether the furrow was a sufficient fire-guard was a question for the jury to determine.   Of course, if there had been a sufficient fire-guard an ordinary wind would not have caused the fire to escape beyond the control of the section men.

The care of the right of way is as much the operation of the road as the running of the engine, and hence this cause of action comes under paragraph 1321 of the General Statutes of 1889, and it is only necessary for the plaintiff to prove that the railway company set out the fire.   The burden of proof to show that it was not negligent was upon defendants. The plaintiff made a *prima facie* case against the defendants by proving that their engine set out the fire, and it was for the jury to say from the evidence whether the defendants were negligent.   The evidence shows that defendants were burning the fire-guard in such manner as to make good time.   The court properly refused to give the instructions requested.

VIII.   Complaint is made that Ellithorpe, the plaintiff, was allowed to testify to the value of the land before and after the fire, as follows :

" Ques.   Do you know what the value of land in section 3 was on the 10th day of August, 1894?   Ans. Well, sir, I do n't know whether I could answer as to the value of that land even to the satisfaction of myself, hardly.   I know what it cost me — well, I have al-

ways—if my judgment is good, the land is worth five dollars an acre.

"Q. Now what in your judgment was it worth after this fire had burned over it? A. Well, I should say forty or forty-five cents less per acre.

"Q. Well, Mr. Ellithorpe, do you know what the value of the north half and the southwest quarter of section 5 was on the 30th day of July, 1894, before it was burned over by the fire? A. I should estimate the same value.

"Q. State how much per acre. A. I would say five dollars per acre.

"Q. How much was it worth after the fire? A. Forty to forty-five cents less."

The witness was not qualified to testify to the value of the land before and after the fire. And, in the opinion of the majority of the court, the evidence as to damages did not conform to the rule applicable to the measure of damages in this class of cases.

The evidence should be confined to establishing the value of the land prior to the fire and the value of the land immediately after the fire, from which the jury could draw their conclusions as to the amount of damage sustained, if any. The court erred in the admission of this evidence.

IX. Complaint is made that the court erred in permitting the plaintiff to testify that he was in possession of and using the west half and the northeast quarter of section 5 at the time of the fire. The petition alleges that the plaintiff is the owner of the west half and the southeast quarter of that section. He was allowed to testify that he was the owner and in possession of the west half and northeast quarter of that section, and the record title introduced by plaintiff shows him to be the owner of the same lands. Both the oral testimony and the deed, so far as it related to the northeast quarter of the section, were

incompetent, under the pleadings. There is nothing in the record to show what damages the jury awarded to any particular portion of the section. The entire section was burned over, with the exception of from 80 to 105 acres in the southwest corner. The acreage burned on the west half of the section was about 230 acres. The amount of damages awarded the plaintiff on this cause of action was ninety dollars. This would be about forty cents per acre, and is more than the jury would be justified in awarding under the testimony for damage upon the west half alone.

An examination of the evidence and the findings of the jury under the second count of the petition shows that on section 3 there were about 560 acres burned, and on this cause of action the jury awarded the plaintiff $125. This would be at the rate of about $22\frac{1}{2}$ cents per acre, which we quote only for the purpose of analysis, and not for the purpose of approval or criticism. Now take $22\frac{1}{2}$ cents per acre as a basis, and apply it to section 5. There were 230 acres burned on the west half, at $22\frac{1}{2}$ cents per acre, making $51.75. The plaintiff in his petition sought to recover damages upon the southeast quarter of the section. There is no evidence that plaintiff was the owner of that tract of land. The plaintiff, however, introduced evidence of title and ownership to the northeast quarter, but there is no allegation. in the petition to justify this evidence. We will assume that the jury allowed damages to the plaintiff for the burning of the grass on 230 acres of the west half of the section and 160 acres in the east half. This would be 390 acres, at $22\frac{1}{2}$ cents per acre, and would make $87.25, which should be practically the amount awarded on this cause of action — ninety dollars. It is evident that the jury awarded damages to the plaintiff for either the north-

east- or the southeast quarter. The plaintiff was not entitled to recover under his testimony for the damage to the southeast quarter of the- section; the evidence does not show that he was the owner of that land. He was not entitled to recover, under his- petition, for the damages to the northeast quarter of the section, as he does not allege that he was damaged by the burning of that tract of land. The oral and record evidence of title, so far as it relates to the northeast quarter of the section, was incompetent under the pleadings, and the court erred in permitting the same to go to the jury. There was not sufficient evidence of damage sustained to the west half of the section to support the verdict.

The jury awarded plaintiff damages for 160 acres burned in the east half of the section, which was either not warranted by the petition or was not supported by the evidence. The court erred in permitting this evidence to go to the jury. From what we have said, it follows that the court erred in overruling the motion for a new trial.

The judgment is reversed and the case remanded for a new trial.