S. H. H. CLARK *et al.*, *Receivers of the Union Pacific
Railway Company*, v. J. W. ELLITHORP.

No. 172.   (59 Pac. 286.)

1. EVIDENCE—*Depositions—Motion to Suppress.* Reversible er-
ror cannot be predicated upon the action of the court in over-
ruling a motion to suppress depositions, based upon a mere
technicality, when the depositions are taken upon notice, in sub-
stantial compliance with the requirements of the statute.

2. ———— *Title to Real Estate—Voidable Tax Deed.* Where
lands were sold for the taxes levied in 1881, and the tax deed ap-
pears regular, based upon apparently a valid sale, in pursuance of
a valid legal levy for that year, such tax deed may be offered in
evidence for the purpose of showing plaintiff's title to the real
estate, although a portion of the consideration expressed in the
deed, to wit, the assessments for 1883 and 1884, were unauthorized.
The unauthorized tax alone would not render the tax deed abso-
lutely void, but only voidable.

3. ———— *Competency.* The alleged error in the admission of in-
competent evidence examined, and *held*, that the evidence was
competent and properly admitted.

4. RAILROADS—*Damage by Fire—Presumption.* In an action
for damages sustained by reason of a prairie fire alleged to
have been caused by fire from an engine and train of cars,
where the evidence shows the fire near the railway-track upon
the right of way, burning in dry grass, shortly after a train oper-
ated by steam, coal and fire passed, in the absence of any evi-
dence otherwise accounting for the fire or contradicting such tes-
timony, the jury were authorized in finding that the fire was set
out by the defendant railway company.

5. ——— *Operation of Railroad—Negligence of Section Men —Burden of Proof.* The care of the right of way is as much the operation of a railroad as the running of the engine or trains; hence, a cause of action based upon the alleged carelessness of the railway company in permitting a fire to escape while burning the right of way comes under paragraph 1321, General Statutes of 1889 (Gen. Stat. 1897, ch. 70, § 32; Gen. Stat. 1899, § 5731), and in such case, where the plaintiff established the fact that the section men of the railway company set out the fire, then the burden of proof is upon the defendant company to show that the fire escaped through no fault of the company.

6. ——— *Attorney's Fee.* In such an action, where the cause is twice tried in the district court, the plaintiff is only entitled to recover his reasonable attorney's fee for the one successful prosecution of the action.

Error from Russell district court; LEE MONROE, judge. Opinion filed November 18, 1899. Modified.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiffs in error.

*H. G. Laing,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by J. W. Ellithorp to recover damages for property destroyed and injured by two separate fires which occurred on July 20 and August 10, 1894.

This case was before this court and remanded for a new trial. (*Clark v. Ellithorp,* 7 Kan. App. 337, 51 Pac. 940.) After the case was remanded, on April 9, 1898, the plaintiff filed an amended petition, which did not change the first count materially, except by asking for damages to certain lands not included in the original petition. The second count of the original petition set out a cause of action for damages caused by fire, which was set out by defendants' section men, while burning fire-guards along the right of way, by the alleged carelessness and negligence of the defendants in

failing to plow fire-guards, or otherwise preventing the fire from escaping. In the amended petition this cause of action reads :

"While a hard wind was blowing, said defendants negligently burned fire-guards on its said right of way on which said railway is built and operated in said Gove county, state of Kansas, and carelessly and negligently failed to plow fire-guards or otherwise prevent the said fire from escaping, or prevent such hard wind from blowing the fire to adjoining combustible material."

The original petition averred that a reasonable attorney's fee was $150 ; in the amended petition plaintiff claimed $250 for an attorney's fee. The answer was a general denial, and pleas of contributory negligence and the statute of limitations. A trial was had before the court and a jury, which resulted in findings, verdict and judgment against the defendants on both counts. A motion for a new trial was overruled, and the defendants, as plaintiffs in error, present the case to this court for review.

There are numerous assignments of error set out in in the brief. They present, however, only four propositions for the consideration of the court, which we will take up in the following order :

*First.* That the court erred in refusing to suppress depositions. The defendants filed a motion to suppress the depositions of Joseph Corder and others. The notice under which these depositions were taken was entitled : "In the suit of J. W. Ellithorp, plaintiff, v. S. H. H. Clark, Oliver W. Mink, E. Ellery Anderson, J. W. Doane, and F. R. Coudert, defendants." It is insisted that this notice did not specify the action, or proceeding, in that the defendants were not designated as "receivers of the Union Pacific Railway Company." The evidence shows that there was but one case pending in the district court of Russell county

in which these parties were named as plaintiff and defendants, and that case was the one at bar.    The attorneys for the defendants appeared and cross-examined the witnesses under this notice ; the depositions were filed in the case and remained among the files.    The objection to the depositions is extremely technical. We are of the opinion that the trial court committed no error in refusing to suppress them.

*Second.*  That the court erred in admitting incompetent testimony.    Complaint is made that certain tax deeds were admitted in evidence for the purpose of showing Ellithorp's title to certain lands.    It appears that the lands in question were situated in the unorganized county of Gove, which was attached for judicial and municipal purposes to Trego county, and that the lands were sold on the first Tuesday in September, 1882, for the taxes of 1881 ; the tax deeds, however, was not issued until the 26th of October, 1885, and the 12th of November, 1885.    It is recited in the deeds that they are issued in consideration of the payment of the taxes for the years 1881, 1882, 1883, and 1884. It is contended that there was no law authorizing Trego county to levy taxes on land in Gove county for the year 1883, and any sale of lands in pursuance of such levy and any attempt to enforce such levy were and are void.    There is no contention that the tax levy of 1881 was invalid or void.    It was for the non-payment of the taxes levied in 1881 that the lands were sold.    The tax deeds appear regular, based upon an apparently valid sale, in pursuance of a valid legal levy for the year 1881.    If a portion of the consideration, the assessments for 1883 and 1884, were unauthorized, this alone would not render the tax deed absolutely void, but only voidable.    The tax deeds were properly admitted in evidence.

It is further contended that the court erred in ad-

Railway Co. v. Ellithorp.

mitting testimony concerning the damages sustained
to the north half of section 5.   In the original peti-
tion this land in section 5 was described as the west
half and southeast quarter; this was an erroneous
description as to the southeast quarter.   After the
case was remanded the petition was so amended as to
read "the north half and the southwest quarter."  In
the trial, plaintiffs in error contended that there could
be no recovery for damages to the "northeast quarter,"
as it was not in the original petition and was barred
by the statute of limitations.   This contention was
sustained by the trial court.   The testimony with ref-
erence to damages sustained to the northeast quarter
was rejected, and the recovery was limited to the
damages sustained to the west half of the section; so
this contention is without merit.

Complaint is also made that the testimony offered
by plaintiff to show that, on the 10th of August, while
burning the fire-guards, high winds were blowing, is
incompetent.  The original petition alleged "that the
defendants carelessly and negligently failed to plow a
fire-guard or otherwise prevent such fire from escap-
ing."   The amended petition states that, "while a
hard wind was blowing, said defendants negligently
burned fire-guards on its said right of way on which
said railway is built and operated in said Gove county,
state of Kansas, and carelessly and negligently failed
to plow a fire-guard, or otherwise prevent the said fire
from escaping, or prevent such hard wind from blow-
ing the fire to adjoining combustible material."   In
order to recover upon the allegations of either the
original or amended petition the plaintiff must show
that defendants put out the fire while burning fire-
guards; that the fire escaped; that it burned and
injured his property, together with the amount of

damage sustained. The fire was put out, escaped, and caused damage. The defendants admitted responsibility for the fire, and that it escaped. This placed the burden upon defendants to show that it escaped through no negligence of theirs. The amendment was not a new cause of action, but consisted in describing the original cause of action with more particularity, and calling the defendants' attention more specifically to the acts of negligence relied upon. The jury are the judges of the testimony, its weight, and the credibility of witnesses. It was peculiarly within the province of the jury to determine from all the testimony, from the conditions of the fire-guard, the dryness of the grass, the particular circumstances under which the right of way was burnt, the character of the weather, volume of wind blowing, and from all of the circumstances to say whether or not such conditions existed as to constitute negligence on the part of the defendants in putting out the fire under the existing conditions and in permitting it to escape. This testimony was properly admitted.

Complaint is made that the court admitted incompetent testimony in regard to the measure of damages. The rule adopted by the trial court was that the measure of damages was the difference in the value of the land immediately before and just after the fire occurred. The testimony was directed to proving these conditions. The witnesses testified that they were farmers and stock-raisers in the vicinity of the land; that they knew the effect of the fire burning over grazing lands — knew the value of the lands in question before and after the fire. As far as this testimony goes, it tends to show that the witnesses were competent to testify as to the measure of damages. The testimony upon the measure of damages tends to support the verdict. The criticism upon the testimony goes more

to the weight of the evidence than to its competency. This testimony was properly admitted.

*Third.* That the court erred in giving and in refusing instructions. The defendants requested the court to instruct the jury to return a verdict for defendants upon both counts of the petition. It is here contended that there was no competent evidence to show that the railway company set out the first fire; second, that there was no competent evidence to show that the damage resulting from the second fire was caused by any negligence on the part of the railway company. This contention is not supported by the record.

Lewis testified that he saw the fire when it was about a quarter of a mile north of the railway, burning north from the track; he noticed a train pass about ten minutes before he saw the fire; the fire started about fifty feet from the track on the north, and on the right of way, in dry grass. Pratt testified that the fire started about fifty feet from the railway-track, on the north, burned north; that he saw a freight-train pass about twenty minutes before he saw the fire, and that he went to the fire and attempted to put it out. Thus the evidence shows the fire on the north, near the railway-track, upon the right of way, burning north in the dry grass shortly after a train operated by steam, coal and fire passed. In the absence of any evidence otherwise accounting for the fire, or contradicting such testimony, we think there was sufficient evidence to sustain the findings of the jury. We think from these circumstances the jury were justified in finding that the railway company set out the fire complained of in the first cause of action. (*Clark v. Ellithorp*, 7 Kan. App. 337, 51 Pac. 940; *A. T. & S. F. Rld. Co. v. Gibson*, 42 Kan. 34, 21 Pac. 788.)

In regard to the second cause of action, the evi-

dence shows that a furrow had been plowed by Joseph Corder, a farmer, about 250 feet from the track a mile in length; the defendants had after that attempted to burn out the grass between the furrow and the railway track; they burned a strip between the furrow and the track of a varied width, averaging about twenty feet. August 10, during a high wind, the defendants attempted to burn the remainder of the grass between the furrow and the railway-track. The care of the right of way is as much the operation of the road as the running of the engine, and, hence, this cause of action comes under paragraph 1321, General Statutes of 1889 (Gen. Stat. 1897, ch. 70, § 32; Gen. Stat. 1899, § 5731). It was only necessary for the plaintiff to prove that the railway company set out the fire; when plaintiff established that fact by proving that the section men of the railway company set out the fire, the burden was upon the company to show that the fire escaped through no fault of the company. It was then for the jury to say from all the evidence and circumstances attending the burning of the right of way whether the defendants were negligent in permitting the fire to escape. There is some competent evidence to support the findings of the jury that the fire escaped from the section men by reason of the negligence of the defendants. The instructions given by the court covered all the legal questions necessary for the consideration of the jury in arriving at a verdict. There was no error in the refusal of the court to give the instructions, nor in the instructions submitted to the jury.

*Fourth.* This case has twice been tried in the district court. At the last trial the plaintiff was permitted, over the objection of the defendant, to show the value of the services of an attorney in both trials

Railway Co. v. Ellithorp.

in the district court.   The plaintiffs in error contend
that there can be no recovery of an attorney's fee
except for one successful trial of the case.   We think
this contention is correct.   Section 2 of chapter 155,
Laws of 1885 (Gen. Stat. 1899, § 5732), under which
an attorney's fee can be recovered in such case, reads :
"In all actions commenced under this act, if the
plaintiff shall recover, there shall be allowed by the
court a reasonable attorney's fee, which shall become
a part of the judgment."   It was evidently the in-
tention of the legislature that plaintiff in such case
should recover his attorney's fees — that is, a reason-
able attorney's fee for the successful prosecution of
the action.   The error in this respect will not neces-
sitate a reversal of the judgment, for the reason that
the special findings returned by the jury show that
they allowed an attorney's fee of fifty dollars for the
first trial and an additional fee of seventy-five dollars
for the second trial.

The judgment of the court below will be modified,
and the cause remanded with instructions that the
court render judgment upon the verdict and findings
for the plaintiff below and against the defendant be-
low for $263.   The costs in this court will be divided.