ABBOT and another, Trustees, Plaintiffs in error, vs. McCAD-
DEN, Administratrix, Defendant in error.

*February 24 — March 22, 1892.*

*(1) Railroads: Death of employee: Running switch engines at unlawful
speed: Custom: Assumption of risk. (2) Damages recoverable for
death.*

1. In an action for the killing of an employee in a railroad yard by a
switch engine which, it was alleged, was running at an unlawful
rate of speed, evidence that it was the custom in that .yard to run
the switch engines faster than the lawful rate, and that the deceased
well knew it, was admissible on the question of contributory negli-
gence.
2. In an action to recover damages for the death of a married man,
while the fact that he left children whose support will be thrown
upon the widow is proper to be shown in evidence and to be con-
sidered by the jury, yet the damages recoverable are those only
which the widow has suffered.

ERROR to the Circuit Court for *Portage* County.

Action for damages on account of the death of Anthony
D. McCadden, who was run over by a switch engine in the
yard of the Wisconsin Central railroad, at Stevens Point,
July 4,.1889. At the time of the accident, and for about
a year previously, deceased was employed as a fireman
upon switch engine No. 13 in said yard, and had been at
work on the day of his death up to about 11:30 o'clock
A. M., when he left his engine and started across the yard to
get his dinner. There were numerous switch tracks in the
yard, and as he was crossing one of them he was run over
and killed by switch engine No. 49, also employed in the
yard. Defendant in error claims that the accident ·was
caused by the negligence of the engineer of engine No. 49
in failing to give signals and in running at a negligently
high rate of speed. The trial resulted in a verdict for the
defendant in error, plaintiff below, and from judgment upon

such verdict the plaintiffs in error, who were at the time of the accident operating the Wisconsin Central railroad as trustees, sued out their writ of error.

*Howard Morris* and *Thos. H. Gill*, for the plaintiffs in error, to the point that it was error to reject the evidence offered to show that it was the custom in the yard to run the switch engines much faster than six miles per hour, that such custom was known to the deceased, and that engine 49 was not running faster than usual when the accident happened, cited *Strahlendorf v. Rosenthal*, 30 Wis. 674; *Flannagan v. C. & N. W. R. Co.* 50 id. 462; *Kelley v. C., M. & St. P. R. Co.* 53 id. 74; *Naylor v. C. & N. W. R. Co.* id. 661; *Howland v. M., L. S. & W. R. Co.* 54 id. 226; *Schultz v. C. & N. W. R. Co.* 67 id. 623; *Bengston v. C., St. P., M. & O. R. Co.* 47 Minn. 486.

For the defendant in error there was a brief by *G. W. Bird* and *Lamoreux & Park*, and oral argument by *B. B. Park* and *Mr. Bird*. They contended, *inter alia*, that a rate of speed exceeding the statutory limit is negligence. *Ewen v. C. & N. W. R. Co.* 38 Wis. 613, 634; *Piper v. C., M. & St. P. R. Co.* 77 id. 247, 254. It is held in some states to be gross negligence. *Klanowski v. G. T. R. Co.* 57 Mich. 525; *Mossoth v. D. & H. Canal Co.* 64 N. Y. 524, 531; *St. Louis, V. & T. H. R. Co. v. Dunn*, 78 Ill. 197, 199. And see *Horn v. C. & N. W. R. Co.* 38 Wis. 463; *Haas v. C. & N. W. R. Co.* 41 id. 49. It is an elementary rule that in proof of a local custom it must be shown that it is *not contrary to law*. 2 Greenl. Ev. secs. 250, 251; 1 Wait's Act. & Def. ch. 2, art. 8, sec. 20; 1 Bl. Comm. (Cooley's ed.), 75, 76; *Cayzer v. Taylor*, 10 Gray, 274. The custom sought to be proved was against public policy and a violation of a criminal statute, and was rightly excluded as affecting the question of contributory negligence. *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419, 426; *Dorsey v. P. & C. Const. Co.* 42 id. 583, 596–7.

WINSLOW, J.   The railroad yard in which the accident occurred was within the limits of the city of Stevens Point, and was crossed by several streets.   One of the elements of negligence which the jury found, and upon which the plaintiff below based her right to recover, was that the switch engine which ran over the intestate was being driven at a negligently high rate of speed, or considerably more than six miles an hour, contrary to the terms of sec. 1809, R. S.   Upon the trial the defense offered to prove that it was the universal custom in the yard, before and at the time of the accident, to run switch engines in doing the yard work much faster than six miles an hour, and that the deceased well knew it.  This proof was objected to and the objection sustained, and this ruling presents the first question to be passed upon.   It is said in support of the ruling that such a custom would be unlawful, and that proof of a constant violation of law cannot be available as a defense.   This is undoubtedly true, and, were this the question presented here, we should probably have no difficulty in affirming the ruling below.   But it was not the bare fact that engines habitually ran faster than six miles per hour which the defense offered to show; they offered to prove that the deceased well knew this fact.   Now, while the custom of running switch engines at an illegal or dangerous rate of speed is no defense, it is quite apparent that, if the deceased knew that the engines in the yard constantly were operated at such a rate of speed, and chose without objection to remain in his employment, it was entirely competent to prove the two facts, as bearing on the extent of the risk which the deceased voluntarily assumed.   The defendants could not be relieved of responsibility by the single fact that they were in the habit of running their engines with reckless and unlawful speed, but the degree of care required of the intestate would be legitimately affected by the fact that deceased knew of the speed constantly used,

and chose to remain in his employment, and subject to the danger, without objection. It is not proof of an illegal custom as a defense, but proof that an employee knew of the habitual use of his employer's machinery in a particular and dangerous way, and remained in the service without objection. The custom does not affect the right of action, but the knowing acquiescence therein may do so. The evidence offered should have been received.

The court charged the jury, on the subject of damages, that the damages "must be the money value only to her *and her children* which the life of the deceased was worth to her *and them* on the day of his death." The same idea is repeated in other parts of the charge. This was error. The fact that there are children left surviving, whose support will be thrown on the plaintiff, is proper to be shown in evidence and to be considered by the jury; but the damages recoverable are those which the widow has suffered, not those which the children have suffered.

It follows from these views that there must be a new trial.

*By the Court.*— Judgment of the circuit court reversed, and cause remanded for a new trial.