THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. C. B. LUDLUM.

No. 12,259.   ( 66 Pac. 1045.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury by Fire—Amendment of Petition.* In an action to recover damages resulting from fire, where it is alleged in the petition "that it was communicated from one of the defendant's engines to the grass growing along, upon and near to the track of defendant railroad company, by reason of the carelessness and negligence of the employees of said defendant in the care of said engine, and also on account of the careless, negligent and imperfect construction of said engine and smoke-stack and fire-pans belonging thereto," it is not error for the court to allow plaintiff, more than seven years after the original petition was filed, to amend his petition by adding "that the defendant was guilty of negligence in permitting dry grass, weeds, leaves and vegetation to accumulate and remain upon the right of way of said defendant where said fire mentioned in plaintiff's original petition was set out, and that said fire was communicated to said dry grass, weeds, leaves and vegetation on said right of way by reason of the negligence of the defendant as alleged in the original petition." This amendment does not constitute a separate and distinct cause of action.

2. ———— *Care of Right of Way—Duty of Company.* It is the duty of a railroad company to keep its right of way free from dry grass, weeds and other combustible material; in order that fire may not be set out on its right of way; and, if it negligently permits dry grass, weeds, leaves or other combustible material to accumulate and remain on its right of way, and the same take fire from one of its passing engines, and the fire is communicated to an adjoining farm, where it destroys the property of the owner, without negligence on his part, such railroad company is liable.

3. ———— *Recovery of Attorney's Fee.* Our statute provides that, in actions to recover damages caused by fire negligently set

out by a railroad company, the party damaged may recover a reasonable attorney's fee. The attorney's fee thus allowed is not a distinct and independent cause of action, but inheres in and depends on the right of plaintiff to recover on his general cause of action for damages.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed December 7, 1901. Division two. Affirmed.

*J. W. Gleed, John L. Hunt, Gleed, Ware & Gleed*, and *D. E. Palmer*, for plaintiff in error.

*Stanley, Vermillion & Evans*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The original petition in this action, among other things, contained the following allegations :

"That about the 3d day of April, 1891, fire was communicated from one of the defendant's engines to the grass growing along, upon and near to the track of the said railway company, and that the same ran over, upon and through the premises of the said plaintiff adjoining the land on which the said fire was put out by the said company's engine."

"That the said fire escaped from the said engine and was communicated to the said grass on account of the carelessness and negligence of the employees of said defendant in the care of said engine and also on account of the careless, negligent and imperfect construction of the said engine and smoke-stack and fire-pans belonging thereto."

More than seven years after this action was commenced, the plaintiff below, by leave of the court, and over the objection of defendant, amended his petition as follows :

"That the defendant was guilty of negligence in permitting dry grass, weeds, leaves and vegetation to

accumulate and remain upon the right of way of said defendant, where the said fire mentioned in the plaintiff's original petition was set out, and that said fire was communicated to the said dry grass, weeds, leaves and vegetation on said right of way, by reason of the negligence of the defendant, as alleged in plaintiff's original petition, and by the negligence of defendant in the operation of its railroad, and by reason of the negligence of the defendant in permitting said dry grass, weeds, leaves and vegetation to accumulate and remain upon said right of way.''

As a second defense to this amended petition, plaintiff in error pleaded the statute of limitations, to which the defendant in error demurred, and the demurrer was sustained. This is the first error complained of.

The court instructed the jury as follows:

''You are further instructed, that the claim of the plaintiff set up in his cause of action in his original petition, in relation to the carelessness and negligence of the employees of the defendant in the care of said engine and the imperfect construction of said engine and smoke-stack and fire-pans, is withdrawn from your consideration. And, in determining your verdict in this case, so far as the negligence of the defendant is concerned, you may consider only that part of the petition of said plaintiff relating to the negligence charged in said amended petition, that the defendant was guilty of negligence in permitting dry grass, weeds, leaves and vegetation to accumulate and remain upon the right of way of said defendant where said fire mentioned in plaintiff's petition was claimed to have been set out and communicated to said grass, weeds, leaves and vegetation on the right of way of the defendant, and from there running over and upon the land of said plaintiff, and causing the injury complained of by said plaintiff.''

This amendment became material, in view of the fact that the cause was submitted to the jury on the

46—63 KAN.

facts alleged in the amended petition, all other alleged acts of negligence on the part of plaintiff in error having been withdrawn by this instruction. It is strongly contended by plaintiff in error that this amendment stated a new, separate and independent cause of action, and, having been commenced more than seven years after the right of action accrued, is barred by the statute of limitations.

The wrong complained of in the original petition was the negligence of the plaintiff in error in so operating its line of railway that damage resulted to defendant in error. The original petition stated that the fire was communicated from one of the defendant's engines to the grass growing along, upon and near the track of said company by reason of the defective engine and the negligent manner in which it it was handled. The amended petition stated that the plaintiff in error negligently permitted dry grass, weeds, leaves and vegetation to accumulate and remain on its right of way where said fire mentioned in plaintiff's original petition was set out by one of its passing engines. This was only amplifying the negligence charged in the original petition, which contributed to or caused the fire to start that resulted in damage to plaintiff below. It was a more definite allegation as to the condition of the "grass growing along, upon and near the defendant's right of way" as described in the original petition, and that the defendant negligently permitted such dry grass, weeds, leaves and vegetation to accumulate and remain on its right of way. "It is a fair test, to determine whether a new cause of action is alleged in the amended complaint, that a recovery had upon the original complaint would have been a bar to any recovery under the amended complaint." (*Davis v.*

*N. Y. Rld Co.*, 110 N. Y. 647, 17 N. E. 733.) Within this rule, the amendment was not a new or different cause of action.

In *Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837, it was alleged in the original petition that the defendant was guilty of negligence in failing to give the proper signals and due warnings of the approach of its train. The cause was tried and afterward brought to this court and reversed, and upon a new trial, and more than five years after the cause of action had accrued, the court permitted the plaintiff to amend his petition by alleging that the railway company was negligent in failing to give signals other than those required by the statute, and in failing to have a gate, flagman or electric alarm at the highway crossing. Upon objection that it was a different cause of action, and barred, this court said:

"This contention cannot be successfully maintained. No new cause of action was set forth in the amended petition. The cause of action set forth in each of the pleadings was the negligent killing of Andrew C. Moffatt. In the original petition it is alleged that on the morning in question the company ran its engine and cars at a high rate of speed over a dangerous crossing without giving any warning of the approach of the train, and without using the bell or blowing the whistle, 'and without using any other lawful, safe and prudent methods of notifying the public or said Andrew C. Moffatt of the approach of said engine and cars.' The pleading did set forth in a somewhat indefinite way that the company failed to take other precautions which it should have taken, and which might have averted the injury. The amended petition set forth definitely that which had been pleaded generally in the original petition, and therefore it cannot be said that a new cause of action or a new ground of recovery was introduced."

Plaintiff in error also contends that there was no

evidence tending to show that the fire originated from the engine drawing the train. This cause was tried to a jury, and this was one of the questions of fact submitted to it, and there is evidence in the record tending to support the fact that the fire originated from the engine drawing the train, and the jury, having passed upon this question, found against plaintiff in error. This court will not examine the finding further than to ascertain that there was some evidence to support it, and if there was will not disturb it.

Another contention is that the fire did not start on the right of way, and that unless it did so start, under the pleadings and instructions of the court, the defendant below was not liable. Upon this point, C. J. Beitzel testified, substantially, that on the day the fire escaped he was working on the track about twenty-five or thirty rods east of where the fire started when the engine which it is alleged set out the fire passed; that shortly after the train passed — possibly two or three minutes — he saw the fire. When he first saw it, it had not got under headway, and was on the right of way. This is the only witness who testified that he saw the fire immediately after it started. This evidence went to the jury and there was no direct evidence contradicting it. This is sufficient to sustain the finding of the jury that the fire started on the right of way.

It is also claimed by plaintiff in error that the amount of damage awarded by the jury was not sustained by the evidence and was excessive. While it may be that the amount allowed was large, yet the matter having been presented to the court below on a motion for a new trial, and by it sustained, this court cannot say that it is so largely excessive as to warrant it in holding that it was the result of passion or prejudice.

The court instructed the jury :

"You are further instructed, that it was the duty of the defendant to keep its right of way free from dry grass, weeds, and other combustible material, in order that fires may not be set out on the right of way by passing engines and from there communicated to adjoining farms.   And if you find that the defendant did not do so, but negligently permitted dry grass, weeds, leaves and combustible material to accumulate and remain on its right of way, and that the same took fire from a passing engine and destroyed plaintiff's property, and that plaintiff was without fault or negligence in the matter, the defendant would be liable."

It is contended by plaintiff in error that it submitted evidence to the jury to show that the right of way was free from weeds, grass, and other combustible material, and that this instruction practically took from the jury the question of negligence on the part of plaintiff in error, and said that it was the duty of plaintiff in error to keep the right of way free from combustible material ; that if there was any combustible material on the right of way and the fire caught in it the defendant was guilty of negligence. We do not agree with counsel in this contention. This is not a fair interpretation of the instruction. The instruction is that, if there was combustible material on the right of way, and the jury found that the plaintiff in error negligently permitted it to accumulate and remain there, it was negligence.

It is also contended that the court erred in giving the following instruction :

"You are further instructed that, in order for the plaintiff to make his case in the first instance, it is only necessary for him to show that the fire was set out by the engine of the defendant on its right of way through dry grass, weeds and combustible material

thereon, and that the said fire burned said plaintiff's property, and the value of his property, and if you find from the evidence that the fire which it is claimed destroyed the plaintiff's property was communicated from the engine operated on the defendant's railway to dry grass, weeds or other combustible material on the right of way of the defendant, and from there to the plaintiff's farm, without fault of the plaintiff, then your verdict should be for the plaintiff, unless the defendant has shown that said fire was not communicated by reason of negligently permitting dry grass, weeds and other combustible material to accumulate and remain on the right of way of the defendant.''

The contention is that, in this, the court instructed the jury that it was the duty of the defendant to keep its right of way free from combustible material, and that, if there was any combustible material on the right of way, defendant was, as matter of law, guilty of negligence. This instruction specifically called the attention of the jury to the fact that the defendant might show that the fire was not communicated to the dry grass and other combustible material on its right of way, which it had negligently permitted to accumulate and remain thereon ; and that, if such combustible material was on its right of way, it might show that it was not there by reason of its negligence.

We think this is the interpretation to be given to this instruction and that it states the law correctly. If a railroad company negligently permits dry grass, weeds, leaves or other combustible material to accumulate and remain on its right of way, which are set on fire by one of its passing engines, and such fire thus started destroys property of another, without fault on the part of the owner, the company is liable for such damage. (*A. T. & S. F. Rld. Co. v. Gibson*, 42 Kan. 34, 21 Pac. 788 ; *Railway Co. v. Ellithorp*, 9 Kan.

Railway Co. v. Ludlum.

App. 503, 59 Pac. 288; *Railroad Co. v. Matthews*, 58 Kan. 447, 49 Pac. 602.)

Plaintiff in error also contends that the court erred in permitting the plaintiff below to introduce evidence in support of the claim in his amended petition for attorney's fees. The plaintiff in error did not plead the statute of limitations to the allegation in the amended petition claiming attorney's fees, but on the trial objected to the introduction of evidence on this point because the right to recover attorney's fees in the action, if one ever existed, was barred by the statute of limitations. Under our statute, which allows attorney's fees in such actions, they are allowed not as a separate cause of action, but the right to recover, where an attorney has been employed and performed services, depends upon the right to recover on the general cause of action; it is incidental to and dependent on such right, and not independent thereof. What such services are worth and that they have been performed must be pleaded and proved like other facts, but the right to recover such fee does not constitute a separate and independent cause of action.

There are some other alleged errors, but upon examination we find nothing prejudicial to plaintiff in error. The judgment of the court below is affirmed.

CUNNINGHAM, POLLOCK, JJ., concurring.