65  565
p68  799

THE COFFEYVILLE MINING AND GAS COMPANY v. LULU CARTER, *as Administratrix, etc.*

**No. 11,986.**   (70 Pac. 635.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Judgment on Opening Statement.* It is not error to deny a motion for judgment based upon the opening statement of plaintiff's case to the court and jury, unless such statement admits the existence of facts which absolutely precludes a recovery by plaintiff.

2. ACTION FOR DEATH—*Measure of Damages.*  In an action for damages for death by wrongful act, it is proper to receive evidence of whatever facts made the life of the deceased of pecuniary value to the survivors entitled to sue and recover damages for the death, including the ability of deceased to earn money or accumulate property; his disposition to contribute support; his condition of health; the probable duration of his life; and also the number, age, sex, health or condition in life of his surviving children dependent on him for care, support, education, and maintenance.

3. —— *Findings Construed.*  Findings of jury examined, and held to authorize neither a judgment in favor of defendant as against the general verdict, nor the granting of a new trial.

Error from Montgomery district court; A. H. SKIDMORE, judge.   Opinion filed November 8, 1902.   Affirmed.

*H. C. Dooley, V. W. Moore,* and *A. M. Etchen,* for plaintiff in error.

*A. B. Clark,* and *J. D. Brown,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by Lulu Carter, daughter, and administratrix of the estate, of David Carter, a widower, deceased, against the Coffeyville Mining and Gas Company, to recover damages for the death of deceased by wrongful act. The facts necessary to a determination of this controversy are, in substance, as follows: Defendant put down and was the owner of a natural-gas well on lot 14, block 62, in the city of Coffeyville. East of this gas-well about fifty feet there was erected a two-story brick building. Immediately south of this building, and adjacent thereto, stood a small frame building used as a blacksmith shop. David Carter was a blacksmith, and, on the 21st day of May, 1896, was working at his trade in this shop. By reason of defects in the materials used, or the manner of construction of the gas-well, gas escaped therefrom through crevices in the earth to a cellar or basement underneath the brick building. This accumulated gas, from some cause unknown, was exploded, which explosion demolished the brick building and threw the south wall thereof upon the frame blacksmith shop, instantly killing Carter.

There is much testimony in the record tending to show that, at the time the brick building was constructed, and thereafter, gas from the well escaped through crevices in the earth into the bottom of the cellar; that the water in drinking-wells in the vicinity of this gas-well, free from gas before the boring of the well, afterward became contaminated by gas and unfit for use. The cellar, or basement, under the brick building was rented by one Irwin, and had been closed for about ten days prior to the death.

Matches had been lighted therein the day preceding the accident without harm. At the time of the explosion, Irwin had gone to the cellar with some colored help, to carry out water therefrom. The explosion followed upon opening the cellar door.

At the trial there were verdict and judgment for plaintiff. The jury, upon request of defendant, also made special findings of fact. Defendant brings error.

Many assignments of error are urged upon our attention. We shall examine separately only such as we deem of sufficient importance to merit special attention. It is first contended that there was error in denying the motion of defendant for judgment on the statement of the case to the court and jury, made by counsel for plaintiff. This court has held that, where the opening statement of counsel for plaintiff, made to the court and jury, contains an admission of facts which absolutely precludes a recovery by plaintiff, the court is warranted in acting upon such admission and entering judgment against plaintiff. (*Lindley v. A. T. & S. F. Rld. Co.*, 47 Kan. 432, 28 Pac. 201.) Is the rule applicable to this case?

1. Judgment on the opening statement.

The contention of counsel for plaintiff in error is based upon two grounds : (1) Counsel for plaintiff, in his opening statement, admitted that the manner in which the gas in the cellar of the brick building became ignited was unknown to plaintiff; (2) the acts of negligence relied upon for recovery are set forth in an amended petition, filed more than two years after the death of Carter, and it is claimed that the cause of action for such negligence was barred by the statute of limitations. As to the second ground, little need be said. Defendant did not raise the question

of the statute of limitations either by demurrer or answer to the amended petition. The cause of action set forth in the amended petition is merely an enlargement on that stated in the original petition. It is the same cause of action, and was not barred by the two-year limitation found in section 422 of the code (Gen. Stat. 1901, § 4871). (*Railway Co. v. Ludlum*, 63 Kan. 719, 66 Pac. 1045.)

As to the first ground, it is argued by counsel for plaintiff in error that the proximate cause of the death of Carter was the ignition of the accumulated gas in the cellar, and not in permitting the gas to escape from the well and accumulate in the cellar, and, in consequence, that the admission made by counsel for plaintiff in the opening statement of her case to the court and jury is an admission of want of knowledge and lack of proof upon a vital issue of fact, fatal to a recovery, and warranted the court in entering judgment thereon. To this contention we do not agree. Defendant was employing for its profit a subtle and highly explosive agency. The rule at common law is that, where an agent so introduced is controllable by care, attention, or science, he who receives the benefit must assume the responsibility. There was not pleaded, nor was an attempt made to show, contributory negligence on the part of deceased. In this condition of the record, it was wholly immaterial how the gas became ignited. In *Koelsch v. The Philadelphia Co.*, 152 Pa. 355, 25 Atl. 522, 34 Am. St. Rep. 653, 18 L. R. A. 759, it was held:

"The fact that an explosion of gas which has accumulated in a cellar by negligence of a gas company was caused by the act of a third person in lighting a match will not relieve the gas company from liability." (See, also, *Kansas City v. Gilbert*, ante, page 469, 70 Pac. 350.)

The motion for judgment was properly overruled.

The next claim of error arises upon the reception of testimony, and especially that of plaintiff, a witness in her own behalf, wherein she was permitted to state that she was, and for years had been, in bad health, and that her father was kind and affectionate toward her and his other children. It is insisted that this was error, and many cases are cited in support of the contention made.   In an action for personal injuries not resulting in death, and of such nature are the cases cited, the character of evidence offered and received is inadmissible. (*Pennsylvania Co. v. Roy*, 102 U. S. 451, 26 L. Ed. 141; *The City of Galion v. Lauer*, 55 Ohio St. 392, 45 N. E. 1044; *Dayharsh v. The Hannibal & St. J. Ry. Co.*, 103 Mo. 570, 15 S. W. 554, 23 Am. St. Rep. 900.)   The case at bar is an action to recover damages for death by wrongful act.   The rule is different.   Here plaintiff in her representative capacity is seeking recovery of damages for the death, for the benefit of herself and the other children of deceased.   In such case regard is had alone to the necessities and wants of the surviving children.   While, as has been held by this court, no inflexible rule can be laid down governing all cases, as each case must be ruled by its peculiar circumstances, yet, from the authorities, it is safe to say that while the statute limits the amount of recovery in any given case to $10,000, within this limit just compensation for the loss sustained by the wrongful death is not by law meted out with miser hand.

Whatever made the life of the deceased of pecuniary value to his surviving children, whether arising, on the one hand, from the ability and disposition of the deceased to contribute to the survivors, as evidenced by his capacity to earn money and accumulate prop-

*2. Measure of damages.*

erty, his inclination to provide support, the condition of his health, the probable duration of his life, or, on the other hand, from the necessity that the survivors receive assistance as measured by the number, age, sex, health or condition in life of the surviving children who are left dependent on the life for care, support, maintenance, and education, may be shown in estimating the pecuniary and just measure of value of such life.   Hence, it was competent in this case to show the ill health of plaintiff and the strength of the attachment of the father for his children, as revealed in his treatment of them, as tending to show the extent of the dependency of the children on the father, and the probability of his continuing to contribute to their support.   This court, in *K. P. Rly. Co. v. Cutter*, 19 Kan. 83, said :

"In determining the amount of such compensation, much must be left to the good sense and sound judgment of the jury upon all the facts and circumstances of the case.   No uniform and precise rule can be laid down for estimating the value to the survivors of the life of the deceased, for the elements which go to make up such value are personal to each case."

In the opinion, Mr. Justice Brewer said :

"In the very nature of things it seems to us an exact and uniform rule for measuring the value of the life taken away to the survivors is impossible.   The elements which go to make up the value are personal to each case.   All that can well be done is to say that the jury may take into consideration all the matters which go to make the life taken away of pecuniary value to the survivors, and, limited by the amount named in the statute, award compensation therefor." (See, also, *A. T. & S. F. Rld. Co. v. Brown, Adm'r*, 26 Kan. 443 ; *McKeigue, Adm'x, etc., v. The City of Janesville*, 68 Wis. 50, 31 N. W. 298 ; *Hetherington v. North Eastern Railway Co.*, 9 Q. B. Div. 160 ; *Augusta Railway Co. v. Glover*, 92 Ga. 132, 18 S. E. 406 ; *Hall v. Galves-*

*ton, H. & S. A. Ry. Co.*, 39 Fed. 18; *Felton v. Spiro*, 47 U. S. App. 402; *Tetherow v. The St. Joseph & Des M. Ry. Co.*, 98 Mo. 74, 14 Am. St. Rep. 617, 11 S. W. 310; *Abbott and another v. McCadden*, 81 Wis. 563, 51 N. W. 1079, 29 Am. St. Rep. 910.)

The remaining questions arise upon the special interrogatories requested and submitted to the jury. In this regard, it is insisted that the court erred in refusing to submit special questions numbered 34, 36, and 37, requested by defendant. In these questions the jury were asked to find the amount awarded plaintiff by way of punitive damages, for loss of companionship, and loss of love and affection. As the court in its instructions limited the amount of plaintiff's recovery to the pecuniary loss suffered by his surviving children, the general verdict being for compensatory damages only, and as the jury in answer to special question number 35 fixed the actual damages sustained at the sum of $3000, the amount of the judgment rendered, no error was committed.

Again, it is urged that defendant was entitled to judgment on the special findings made by the jury. In answer to special questions 29 and 38, the jury found that the death of Carter was not accidental. In answer to special question 39, it was found that the negligence of the defendant was the cause of the death. In answer to special questions 40 and 45, it was found that the gas-well was not con-
structed in a safe, careful and prudent manner, but that the officers of the company were negligent in the construction of the well, and in laying pipes therein in such manner as to permit the escape of gas therefrom. As the findings made are neither contradictory nor destructive of plaintiff's right of recovery, the motion for judgment was properly

3. Findings construed.

denied. (*Anderson v. Pierce*, 62 Kan. 756, 64 Pac. 633.)

The final contention made is that the answers returned to special questions are so inconsistent, and evince such bias and prejudice of mind on the part of the jury as to entitle defendant to a new trial of the action. An examination of the record discloses the fact that a portion of the special questions submitted at the request of defendant remain unanswered; that answers returned to others are not complete or responsive to the questions asked; but, as defendant at the trial neither insisted upon answers to the questions unanswered, nor upon more direct and specific answers where they were incomplete, but remained content therewith, such error, if any, is waived.

As the answers returned are neither contradictory of, nor inconsistent with, one another or the general verdict, the verdict must stand, and judgment thereon be affirmed.

All the Justices concurring.