# APPENDIX.

## OPINIONS PER CURIAM.

THE COFFEYVILLE MINING AND GAS COMPANY V.
JOSEPH UNCAPHER.
No. 12,734.   ( 74 Pac. 1131.)

Error from Montgomery district court; A. H. SKIDMORE,
judge.   Opinion filed December 12, 1903.   Affirmed.

*H. C. Dooley, A. M. Etchen, S. J. Osborn,* and *J. B.
Ziegler,* for plaintiff in error.

*A. B. Clark,* and *Luther Perkins,* for defendant in error.

*Per Curiam:* This action was brought for the recovery
of damages occasioned by the destruction of a brick build-
ing by an explosion of gas.   The facts are identical with
those set forth in *Gas Co. v. Carter,* 65 Kan. 565, 70 Pac.
635.   The assignments of error relating to defendant's right
to a judgment on account of the statute of limitations and
on account of plaintiff's opening statement depend upon
the same circumstances as did similar assignments in the
Carter case, and the decision in that case is conclusive upon
them.

Both in his opening statement to the jury and at a point
in the course of the trial, the attorney for the gas company
expressly admitted that the building was totally destroyed.
Under these admissions, the plaintiff established his dam-
ages when he proved the value of the building.   The de-
fendant introduced no evidence on this subject, and, with
the case standing in that condition, the instruction of the
court relating to damages was correct.

While the evidence of the witness Jordan Crouch was
somewhat remote, it was admissible for what it was worth,
and the evidence of Mrs. Smith was doubtless admitted
under the allegation relating to the failure properly to case
the well.   Upon the whole evidence, the examination of
the witness Sadler could not have been prejudicial.   A
careful analysis of the court's instructions shows that no
higher duty was imposed upon the gas company than it
admits it owed, under the circumstances, and, while some-
what involved, they are not misleading.

The answers to the special questions were sufficiently definite and, when carefully scrutinized, are not so contradictory as to require another trial of the case. The verdict is supported by the evidence, and the judgment of the district court is affirmed.