HAMANN, Administratrix, Respondent, vs. MILWAUKEE BRIDGE COMPANY, Appellant.

*May 9—June 5, 1908.*

*Master and servant: Death of servant: Unsafe method of work: Evidence: Custom: Knowledge of danger: Failure to give warning: Instructions to jury: Damages recoverable by widow: Appeal: Costs for printing supplemental case.*

1. In an action to recover for death of an employee alleged to have been caused by negligence of defendant in the unloading of a heavy machine from a car, evidence of the feasibility of using certain precautions and safeguards against the overturning of the machine which caused the injury, and that they were often

applied by others, was sufficient to warrant a finding by the jury that the manner of unloading the machine was not reasonably safe. It was not necessary to show a general custom to use such precautions.

2. The evidence in such case is *held* to warrant the inference of a causal relation between the perils set forth in the complaint (including narrowness and irregularity of the base of the machine) and the overturning of the machine which caused the injury.

3. It was not necessary to a recovery in such case that the jury should find that defendant was negligent in adopting the method of unloading the machine or that its lack of reasonable safety was the proximate cause of the injury. The perils of the method adopted having been known to defendant's superintendent some considerable time before the machine overturned, and not obvious to the deceased, it became his duty to notify the deceased thereof; and findings that he failed to do so, that such failure was the proximate cause of the injury, and that the deceased was not guilty of contributory negligence, were sufficient to establish defendant's liability.

4. Refusal to give instructions as to the weight of certain isolated evidentiary facts or circumstances was not error.

5. Refusal to give requested instructions which are adequately covered by the general charge is not error.

[6. Whether in an action based on negligence in unloading a heavy machine from a car to the floor of defendant's factory the evidence as to a general custom to use certain precautions should be confined to what was done by manufacturers and dealers in and purchasers of machinery of that character, or might extend to the custom among movers of such machinery, not determined.]

7. As preliminary to testifying to precautions which he had known to be used by others and to custom, a witness was permitted to testify to his experience in unloading a machine somewhat similar to the one in question. *Held*, not error, such testimony having a bearing upon the qualifications of the witness, and there being no request to limit its effect.

8. It was not prejudicial error to permit a witness for plaintiff to testify that certain similar machines received at the same time as the one in question had been unloaded by defendant by means of a steam crane, and to state why the crane was not used for this machine,—the purpose of the evidence being apparently to show that the deceased had no knowledge of the dangers of the method adopted for unloading the machine in question.

9. In an action by a widow suing as administratrix to recover for the death of her husband, evidence as to the health of the plaintiff and as to the number of her children was admissible, the jury being properly cautioned that she could recover only for the pecuniary damage resulting to herself from the death.

10. Costs are not allowed to respondent herein for printing of a supplemental case which was not necessary to a fair presentation of the merits of the appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This action, considered upon a first appeal and reported in 127 Wis. 550, 106 N. W. 1081, was tried a second time, the narrative of conditions and events being substantially similar to that previously described. The measurements and dimensions of the machine were more accurate, locating the center of gravity upon the longitudinal center and at a height of thirty-four inches above the base and about thirty-two inches from the rear and higher end of the machine as it descended the skids. Its place at moment of capsizing was with its lower end about one foot from the floor. Additional evidence was offered of some subsidence of the planks which served as skids, of a slight irregularity in the cast-iron base of the machine, so that the middle portion thereof was lower than the two sides by something more than a quarter of an inch, whereby was claimed to have been produced a lateral oscillation, and there was evidence tending to show that the machine did in fact oscillate as it descended the skids and that the skidway was unequal in strength and irregular in surface and sagged under the weight of the machine. There was also evidence of a tendency at one time in the descent to vary from the center of the skidway towards the east, and there was considerable more evidence of a custom by others in unloading such a machine to build a frame below so that the width of the base would be uniform; also to attach lateral guy lines. Evidence was given which it was claimed tended to prove that at the time of the accident all of the rollers were within

the limits of the narrow sixteen-inch base and none of them engaged under the broader base at either end.

A special verdict of six questions was rendered to the following effect: (1) The manner of unloading the machine from the car to the floor was not reasonably safe; (2) such manner of unloading was not open and obvious to the deceased; (3) there was failure on the part of defendant to instruct the deceased as to the danger of the machine tipping over while being unloaded from the car; (4) such failure to instruct was the proximate cause of the injury; (5) deceased was guilty of no contributory negligence; and (6) damages as upon first trial, $3,500. After proper motions to raise the sufficiency of evidence on these various questions had been overruled, judgment was rendered for plaintiff upon the verdict, from which the defendant appeals.

*Charles A. Vilas,* for the appellant.

For the respondent there was a brief by *Houghton & Neelen,* and oral argument by *F. W. Houghton.*

Dodge, J.   The appellant first contends that there was no evidence from which the jury could find that the method adopted for lowering the machine in question was not reasonably safe. It supports such contention almost entirely upon the ground that plaintiff failed to prove that the general custom of doing such work among other manufacturers was discordant from the method adopted by the defendant. Such failure might be conceded *arguendo,* and still appellant's main contention fail to result. When the facts are made known to a jury, and especially when it is proved that there is a feasible safer method frequently or sometimes adopted by others for performing the same work, a situation is presented for the exercise of judgment as to whether the method pursued was reasonably safe. True, this may be supplemented by proof of a general custom to exercise greater precautions or adopt greater safeguards, but such proof is by no means necessary

to the establishment that the mode adopted by defendant was unreasonably perilous, or, in other words, not reasonably safe. *Powalske v. Cream City B. Co.* 110 Wis. 461, 467, 86 N. W. 153; *Parker v. Fairbanks-Morse Mfg. Co.* 130 Wis. 525, 110 N. W. 409. The authorities cited by appellant are to the position that, when it is proved that an apparatus or a method of procedure is unnecessarily dangerous, the party liable may avert the conclusion that it is unreasonably so by proving a general custom amongst others similarly situated to use such appliances or such methods. *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563; *Yazdzewski v. Barker,* 131 Wis. 494, 111 N. W. 689. There was abundant proof of the feasibility of using certain precautions and safeguards against the peril from which plaintiff's decedent suffered, and that they were often applied by others; and even if such evidence did not go to the extent of proving a general custom, it was sufficient to warrant a finding of the jury by the answer to the first question of the special verdict that the method was not reasonably safe.

The next contention is that a verdict should have been directed for the defendant for the reason suggested in the opinion of this court upon the former appeal, namely, that there was no evidence to justify any reasonable inference that any of the perils pointed out in the method of doing the work, or all of them together, in any wise caused the machine to capsize and to injure the deceased; that any conclusion to that effect must have been the result of mere conjecture and not rational inference. We cannot sustain this contention. In the statement of facts we have pointed out many respects in which the evidence on the last trial varied from that on the former, in that it tended to show both opportunities for the narrowness and irregularity of the base to cause the machine to tip over, and also to prove the probability, within ordinary natural events and influences, that they did in this instance cause it. We do not think it necessary to go further than

state our conclusion that the evidence did present justification for a rational inference of causal relation between the perils set forth in the complaint and the overturning of the machine.

In close connection with this discussion is a complaint of the form of the special verdict and insufficiency thereof to support the judgment. In this respect it must be borne in mind that it was not necessary for the jury to find either that the defendant was negligent in adopting the method or that the lack of reasonable safety characterizing such method was the proximate cause of the injury. As pointed out in our former decision, the perils of that method being unquestionably known to defendant's superintendent at least by the time the machine had descended one half the distance to the floor and some considerable time before it capsized and injured the deceased, it became his duty on behalf of the defendant, in the exercise of due care, to notify deceased thereof. This the jury has found he failed to do and that such failure was the proximate cause of the injury. Such findings have support in the evidence and of themselves present a basis from which the defendant's liability for the damages results in the absence of contributory negligence, which the verdict negatives.

Error is assigned upon several refusals to give instructions requested by defendant. The first two of these assignments are predicated upon the refusal of the court to select certain isolated evidentiary facts or circumstances and instruct the jury with relation to the weight thereof. Without discussing their propriety had the trial court seen fit to give them, we must hold, in accordance with numerous decisions, that his refusal to thus invade the province of the jury, or to discuss the effect of segregated items of evidence disassociated from other facts and circumstances affecting their weight, was not error for which the judgment can be reversed. *Seiler v. State,* 112 Wis. 293, 303, 87 N. W. 1072; *Duthey*

*v. State,* 131 Wis. 178, 190, 111 N. W. 222; *Till v. State,* 132 Wis. 242, 247, 111 N. W. 1109.

An instruction was requested that, in weighing the evidence as to the existence of a general custom to use certain precautions, the jury must confine themselves to what was done by manufacturers and dealers in and purchasers of machinery, and that any custom among movers of machinery should have no bearing. We very gravely doubt the correctness of such rule, for it seems to us that a man whose business is to move or unload such machines may often very well be considered as operating under similar circumstances to the proprietor of a factory performing the same work. But apart from such consideration, we think it plain that the court adopted appellant's view of the law on this subject and adequately expressed it to the jury in charging them that the proofs which they might consider must be confined to the custom "of manufacturers handling like machines under like circumstances."

Numerous assignments of error are based upon the admission of evidence. A witness gave testimony with reference to his experience in unloading a machine of more or less similarity to the one in question. This was done in the course of describing his experience as preliminary to testimony as to precautions which he had known to be exercised by others and to custom. It bore upon the qualifications of the witness, and we think was entirely within the discretion of the trial court to admit on that subject. No request was made to limit its effect.

A witness was permitted to testify that certain similar machines received at the same time with this and unloaded by the defendant were unloaded by means of a steam crane, and then over objection he was permitted to testify why that crane was not used in unloading this machine, giving a perfectly cogent reason. The evidence, if it had any effect, certainly tended to relieve the defendant from a charge of negligence

in not using the crane on this machine, and we are unable to conceive any prejudice which could have resulted to the defendant. Apparently the purpose of the evidence was to show that the deceased had never before been called upon to aid in unloading such a machine in the manner adopted on this occasion, to disprove his knowledge of the danger. We can discover no error in these rulings.

Error is assigned upon the admission of evidence as to the health of plaintiff and as to the number of her children. The propriety of admitting such evidence has been declared by this court. *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 447, 24 N. W. 618; *Abbot v. McCadden,* 81 Wis. 563, 51 N. W. 1079. The jury were properly cautioned that the plaintiff was entitled to recover only for the pecuniary damage resulting to herself from the death of her husband.

Numerous other detail errors are assigned upon the admission of specific items of testimony, but they do not seem to us to present anything of sufficient gravity or prejudice to warrant discussion in this opinion. We are satisfied they present no warrant for reversal.

A supplemental case printed by the respondent seems to us quite unnecessary to a fair presentation of the merits of this appeal. No costs will be taxed therefor.

*By the Court.*—Judgment affirmed.