No. 20,590.

The Maryland Casualty Company, *Appellant,* v. .The
Cherryvale Gas, Light & Power Company, *Appellant.*

SYLLABUS BY THE COURT.

1. Negligence — *Permitting Gas to Escape — Damages — Proximate
Cause.* Where natural gas has been negligently permitted to escape,
and it is ignited with a match by a person who is searching for the
gas leak, and an explosion results, the consequent damages are attrib-
utable to the explosion of the gas and to the negligence which per-
mitted the gas to escape.

2. Same—*Insurance — Payment of Loss — Subrogation to Rights of
Policy Holder.* Where an insurance company issues a policy of in-
surance covering loss or damage to property, it is not bound to
quibble with the policy holder as to whether the loss falls precisely
within the terms of the policy. It may pay the loss, and it will thereby
become subrogated to all the rights of the injured party in an action
against the wrongdoer.

3. Same—*Demurrer—Full Credence to be Given Evidence.* Rule fol-
lowed that on a demurrer to the plaintiff's evidence in support of its
cause of action the evidence is to be given full credence and consid-
ered in its most favorable light towards the party which adduced it.

4. Same — *Escape of Gas — Explosion — Damages — Prima Facie Case
Against Gas Company.* Where the servant of a gas company, in re-
sponse to an application to the company for gas service, turns on the
gas at the wrong stop-box whereby the gas escapes and enters neigh-
boring property and is ignited by one who is testing the gas pipes for
a supposed leak, and an explosion results, the consequent damage
makes a *prima facie* case against the gas company which can not be
met by a demurrer to plaintiff's evidence.

5. Same—*Pleadings—Answer—Demurrer.* The question of splitting of
causes of action considered, and held that such a defense can not be
used to strengthen a demurrer to plaintiff's evidence.

Appeal from Montgomery district court; Thomas J. Flan-
nelly, judge. Opinion filed January 6, 1917. Reversed.

*Sullivan Lomax,* of Cherryvale, for the appellant.

*L. P. Brooks,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is a damage suit. The plaintiff issued a
policy insuring the plate glass front of a building in Cherry-

vale against breakage.  In response to an application for gas by a tenant occupying the second floor of the building, the defendant's employee turned on the gas by opening the wrong stop-box—a stop-box which connected with some old, defective and unused pipe leading into an adjacent building.  The stop-box had been acquired with other property by the defendant from an older gas company.  The service pipes from the stop-boxes to the abutting property belonged to the property owners.  The gas released from the wrong stop-box found its way into the building having the plate glass front.  The presence of gas was detected in that vicinity, and the defendant's servant ignited it with a match while hunting in the basement of an adjoining building for the leak.  This explosion blew out and smashed the plate. glass front. . The plaintiff paid the owner $150 for the loss covered by the insurance policy, and now seeks by subrogation to recoup from the gas company.

The defendant's demurrer to plaintiff's petition was overruled.  This is assigned as error.

A demurrer to plaintiff's evidence was sustained.  And this is assigned as error.

The defendant contends that the petition did not state a cause of action, because the plate glass was destroyed by fire and the insurance policy provided:

4. "This insurance does not include and the company shall not be liable for—

"(a) Any loss or damage resulting directly or indirectly from fire, whether on the premises described in the schedule or elsewhere."

In *L'Ecuyer v. Life & Accident Co.*, 97 Kan. 540, 155 Pac. 1088, it was held that a policy of insurance covering accident or death by the burning of a building while the assured was therein did not cover an accident caused by the explosion of a can of kerosene in a building while the assured was therein, although the explosion set fire to the building and did considerable damage.  In that case the plaintiff did not wholly fail, but the amount of the recovery was governed by certain other accident features of the policy.  In the opinion, it was said:

"Manifestly the decedent was out of the building before the fire had made any progress towards consuming any portion of the building, and it could not have been the burning of the building while he was therein which caused his death."   (p. 542.)

In *United Life, Fire and Marine Ins. Co. v. Foote et al.*, 22 Ohio St. 340, it was held that where an explosive mixture of whisky vapor and atmosphere came in contact with a gas-jet, from which it ignited and exploded, and a fire ensued therefrom which destroyed the property, the loss was occasioned by the 'explosion. A similar case was *Briggs et al v. N. A. and M. Ins. Co.*, 53 N. Y. 446. Another instructive case which discusses this general subject is reported in *Transatlantic Fire Ins. Co. of Hamburg v. Dorsey*, 56 Md. 70.

Under the familiar rule of insurance law, which attributes loss or injury to its proximate cause only, the plate glass in this case was broken by the explosion of gas and not by fire. (*Mitchell v. Potomac Insurance Co.*, 183 U. S. 42; *Maryland Casualty Co. v. Edgar*, 203 Fed. 656; *Heuer v. North Western Nat. Ins. Co. of Milwaukee*, 144 Ill. 393; *Vorse v. Jersey Plate Glass Ins. Co.*, 119 Iowa, 555; *Boatman's Fire & Marine Insurance Co. v. Parker*, 23 Ohio St. 85; *Wadsworth v. Canadian Railway Accident Ins. Co.*, 49 Can. Sup. Ct. 115, Ann. Cas. 1914C, 306, and Note. See, also, *Gas Co. v. Carter*, 65 Kan. 565, 568, 70 Pac. 635.)

Moreover, the insurance company was not required to quibble with the assured as to whether its policy fairly covered the breaking of the glass by the gas explosion, or whether the remoter cause, the lighting of the match, was a fire, and that the fire was the cause of the breaking of the glass. The insurance company had the right to pay, and it is subrogated to all the rights of its policyholder against the wrongdoer who released the gas which did the mischief. (*Railroad Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459; *St. Louis, &c., Railway v. Commercial Ins. Co.*, 139 U. S. 223, 235; *Railway Company v. Fire Association*, 60 Ark. 325; *British American Co. v. Colorado Co.*, 52 Colo. 589; *Babcock v. Canadian Northern Rly. Co.*, 117 Minn. 434; *Ætna Life Ins. Co. v. National Union Fire Ins. Co.*, 98 Neb. 446; Vance on Insurance, p. 422; 19 Cyc. 894.)

Turning now to plaintiff's grievance—the sustaining of the demurrer to its evidence, we think this was error. While it may be that there was some infirmity or weakness in it which the record does not disclose, the allegations of the petition were sufficiently supported by competent evidence to require its submission to the jury. It was the duty of the gas com-

pany to know what it was about when it turned on the gas. It was negligence, we think—or at least the jury might think so—to turn on the gas at the wrong stop-box, and it seems that this negligence released the gas which caused the explosion and broke the glass which the plaintiff had insured and for which, having paid, it is entitled to recoupment against the wrongdoer. (20 Cyc. 1177.)

In *McKenna v. Gas Co.*, 198 Pa. St. 31, the agent of a defendant gas company opened the high-pressure valves of another gas company which he mistook for the valves of his own company and the defendant was held liable, notwithstanding its proffered defense that the high-pressure valves and pipes of its competitor were defective. The court said:

"Assuming that the Bridgewater Gas Company was negligent in the construction and maintenance of its lines, it does not exculpate the defendant company from its negligence. . . . In the case at bar, McKenna's house would not have been wrecked notwithstanding the Bridgewater Gas Company's defective appliances, had not Miller opened the valve in the by-pass. Without his negligence, therefore, it is too clear for argument that the plaintiff would not have sustained the injuries for which he sues in this action." (p. 40. *Sipple v. Gaslight Co.*, 125 Mo. App. 81; *Hartman, Appellant, v. Citizens Nat. Gas. Co.*, 210 Pa. St. 19; *Barrickman v. Marion Oil Co.*, 45 W. Va. 634.)

In *Gas Co. v. Carter*, 65 Kan. 565, 70 Pac. 635, the plaintiff recovered a judgment against a gas company for the death of plaintiff's father by an explosion of gas which had escaped from a gas well through the negligence of the defendant company. The case merely recognized the well-known rule that one who uses for profit a dangerous agency, which science, care and attention can control, is bound to control it with due skill and care. These were wanting in the present case. It was shown that the right stop-box to turn the gas into this building was hidden beneath a brick in the sidewalk, and that the defendant, although the owner of the wrong stop-box by which the gas was turned on and which caused the damage, had given the matter so little attention that it did not know the right stop-box from the wrong one. If public-service companies controlling such dangerous commodities as natural gas can escape the consequences of such carelessness, life and property will be subjected to hazard indeed. Clearly the facts ad-

duced in support of plaintiff's cause of action required their presentation to a jury.

It is suggested by defendant that this case presents a splitting of causes of action, as the explosion damaged the floor of the building, and that this damage was not covered by the insurance policy, and has not yet been paid. Even so, that would not justify a demurrer to the plaintiff's evidence. The plaintiff can not be entirely held off from asserting its right of action against the defendant until the statute of limitations completely bars a recovery because of some other possible claim for damages which may never be the subject of a lawsuit. While the defendant's answer pleading this defense mentions these matters, it does not descend into particulars; and in any event such pleading can not be used to strengthen its demurrer to plaintiff's evidence. If any such cause is pending it may be consolidated with this cause. If not, the parties may be impleaded herein. (Civ. Code, § 361; *Insurance Co. v. Railway Co.*, 98 Kan. 344, 157 Pac. 1187.) Indeed it would be within the discretion of the trial court to order them brought in that the plaintiff may have justice without delay.

The judgment of the district court is reversed and the cause is remanded for further proceedings in accordance herewith.